# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-474V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| WILLIAM CARTWRIGHT, | \* | Filed:  December 15, 2014 |
| | \* | |
| | \* | Decision by Proffer; Damages; |
| Petitioner, | \* | Vaccine; Shoulder Injury |
| | \* | Related to Vaccine Administration |
| v. | \* | ("SIRVA"); Influenza ("flu") |
| | \* |  Vaccine |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Lisa Watts*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On June 4, 2014, William Cartwright filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioners alleged he suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving the influenza ("flu") vaccination on October 26, 2011.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

In her Rule 4(c) Report, filed on September 16, 2014, Respondent conceded that Petitioner had suffered SIRVA that was more likely than not caused by receipt of the flu vaccine. In view of Respondent's concession, I issued a ruling that same day finding that Petitioner had established that he was entitled to compensation for the injury, and subsequently issued an order indicating that this case was ready for the damages phase. On December 15, 2014, Respondent filed a proffer proposing an award of compensation.

I have reviewed the file, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of $183,871.81, representing Petitioner's past lost earnings ($3,726.92), pain and suffering ($175,000.00), and past un-reimbursable expenses ($5,144.89) in the form of a check payable to Petitioner.

Proffer § 2.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

_____

| | |
|---|---|
| WILLIAM CARTWRIGHT, | ) |
| | ) **ECF** |
| Petitioner, | ) |
| | ) |
| v. | ) No. 14-474V |
| | ) Special Master |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) Brian H. Corcoran |
| | ) |
| | ) |
| Respondent. | ) |
| | ) |

_____

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.   Items of Compensation**

     A.    <u>Life Care Items</u>

Respondent proffers that, based on the evidence of record, petitioner is unlikely to incur future medical expenses as a result of his vaccine-related injury.   <u>See</u> 42 U.S.C. § 300aa-15(a)(1)(A).   Petitioner agrees.

     B.    <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, petitioner has experienced a past loss of earnings as a result of his vaccine-related injury in the amount of $3,726.92.   <u>See</u> 42 U.S.C. § 300aa-15(a)(3)(A).   Petitioner agrees.

     C.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $175,000.00 in actual and projected pain and suffering.   <u>See</u> 42 U.S.C. § 300aa-15(a)(4), (f)(4)(A).   Petitioner agrees.

      D.    <u>Past Un-reimbursable Expenses</u>

Evidence supplied by petitioner documents his expenditure of past un-reimbursable expenses related to his vaccine-related injury.   42 U.S.C. § 300aa-15(a)(1)(B).   Respondent proffers that petitioner should be awarded past un-reimbursable expenses in the amount of $5,144.89.   Petitioner agrees.

      E.    <u>Medicaid Lien</u>

Petitioner represents that there are no Medicaid liens outstanding against him.

## II.  **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

    A.  A lump sum payment of $183,871.81, representing petitioner's past lost earnings ($3,726.92), pain and suffering ($175,000.00), and past un-reimbursable expenses ($5,144.89) in the form of a check payable to petitioner.

    1.    <u>Guardianship</u>

Petitioner is a competent adult.   Evidence of guardianship is not required in this case.

## III.  **Summary of Recommended Payments Following Judgment**

| A. | Lump sum paid to petitioner for projected lost earnings, pain and suffering, and past un-reimbursable expenses: | **$183,871.81** |

---

[1]   Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.   In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

s/Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.   20044-0146
Telephone: (202) 616-4099

Dated: December 15, 2014.